COMMONWEALTH OF MASSACHUSETTS
DISTRICT COURT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

KAREN BERGER, As Next Friend of
MARILYN A. BERGER,
    Plaintiff

Civil Action No._____

v.

NORTHLAND GROUP INC.,
    DefendantS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND REQUEST FOR JURY TRIAL

The plaintiff Karen Berger, pursuant to a durable power-of-attorney and as next friend of Marilyn A. Berger (the "Plaintiff"), hereby complains of the Northland Group Inc. ("Northland" or "Defendant") as follows:

### PARTIES

1. Plaintiff Karen Berger is an individual residing in Grafton, Worcester County, Commonwealth of Massachusetts bring this action on behalf of Marilyn A. Berger who resides in a nursing home in Newton, Middlesex County, Commonwealth of Massachusetts. Marilyn A. Berger ("Ms. Berger") is an 83 year old disabled woman.

2. Defendant Northland is a Minnesota corporation with a principal place of business at 7831 Glenroy Rd #350, Edina Minnesota 55439. Northland is a "debt collector" within the meaning of 15 U.S.C. §1692a(6).

### JURSIDICTION AND VENUE

3. Plaintiff's federal law claims arise under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq. and 52 U.S.C. §1983. This Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d), 42 U.S.C. §1988, and 20 U.S.C. §1337. This

court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate any claims arising under state law.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**PRELIMINARY STATEMENT**

5. The Fair Debt Collection Practices Ace ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. §1692 *et. seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

6. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any consumer debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. The substantive hear of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d. Second, a "debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of a debt." 15 U.S.C. §1692e. And, third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f. The FDCPA is designed to protect consumers from unscrupulous debt collectors, regardless of the existence of a valid debt.

7. In enacting the FDCPA, Congress found that "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers." 15 U.S.C. §1692b.

8. In enacting the FDCPA Congress intended to regulate the manner in which debt collectors engaged in the collection of consumer debts. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.§1692e.

## **FACTS**

9. On or about May 19, 2010, Ms. Berger received a letter from a Massachusetts lawyer relating to a certain Northstar Capital Acquisition LLC account number 5291492181583697. A true and accurate copy of the May 19, 2010 letter ("May 19th Attorney Letter") is annexed hereto as Exhibit "1".

10. The May 19th Attorney Letter referenced "NORTHSTAR CAPTIAL ACQUISITION LLC v. MARILYN A BERGER", indicating that a civil action had been filed against Ms. Berger.

11. To the best of Plaintiff's knowledge, no civil action was, in fact, ever commenced against Ms. Berger by the Defendant.

12. The May 19th Attorney Letter indicated that the balance owed on the subject account was **$7,821.74.**

13. Ms. Berger never entered into any credit transactions directly with Northstar.

14. On or about June 29, 2010, Ms. Berger received another letter from the same Massachusetts lawyer regarding the same account. A true and accurate copy of the June 29, 2010 letter ("June 29th Attorney Letter") is annexed hereto as Exhibit "2".

15. The June 29, 2010 Attorney Letter again referenced "NORTHSTAR CAPTIAL ACQUISITION LLC v. MARILYN A BERGER", indicating that a civil action had been filed against Ms. Berger.

16. The June 29th Attorney Letter indicated that the balance owed on the subject account was **$7,901.64.**

17. On or about August 15, 2010, defendant Northland caused a written communication in the form of a letter to be sent Ms. Berger in order to collect a debt relating to what appears to be the same Northstar Capital Acquisition LLC account number ending in 3697. A true and accurate copy of the August 15, 2010 Northland letter (the "August 15th Letter") is annexed hereto as Exhibit "3".

18. The August 15th Letter indicated that the balance owed on the subject account was **$5,927.53.**

19. The August 15th Letter references a website address, www.payments2northlandgroup, (the "Website") which Plaintiff believes, and therefore avers, is owned and operated by Defendant Northland.

20. The so-called home page of the Website does not contain any of the required notices required by the FDCPA, including but not limited to the indication that the communication is with a debt collector. A true and accurate copy of the home page of the Website is annexed hereto as Exhibit "4".

21. On or about September 15, 2010, defendant Northland caused a written communication in the form of a letter to be sent Ms. Berger in order to collect a debt relating to what appears to

be the same Northstar Capital Acquisition LLC account number ending in 3697. A true and accurate copy of the September 15, 2010 Northland letter (the "September 15th Letter") is annexed hereto as Exhibit "5".

22. The September 15th Letter indicated that the "current balance owed" on the subject account was **$5,927.53**.

23. The September 15th Letter again references the Website.

24. On or about October 16, 2010, defendant Northland caused a written communication in the form of a letter to be sent Ms. Berger in order to collect a debt relating to what appears to be the same Northstar Capital Acquisition LLC account number ending iu 3697. A true and accurate copy of the October 16, 2010 Northland letter (the "October 16th Letter") is annexed hereto as Exhibit "6".

25. The October 16th Letter indicated that the "current balance owed" on the subject account was **$5,927.53**.

26. The October 16th Letter again references the Website.

27. On or about November 16, 2010, defendant Northland caused a written communication in the form of a letter to be sent Ms. Berger in order to collect a debt relating to what appears to be the same Northstar Capital Acquisition LLC account number ending in 3697. A true and accurate copy of the November 16, 2010 Northland letter (the "November 16th Letter") is annexed hereto as Exhibit "7".

28. The November 16th Letter indicated that the "current balance owed" on the subject account was **$5,927.53**.

29. The November 16th Letter again references the Website.

30. Neither Ms. Berger nor anyone on her behalf ever made any payments on the subject account since the date of the May 19, 2010 letter.

### COUNT I – 15 U.S.C.§ 1692e(2)(A)

31. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 30 herein as if set forth in full.

32. In misrepresenting and/or mischaracterizing the amount of the balance on the subject account, the Defendants violated 15 U.S.C. §169e(2)(A).

### COUNT II – 15 U.S.C.§ 1692e(2)(B)

33. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 38 herein as if set forth in full.

34. In misrepresenting and/or mischaracterizing the amount of the balance on the subject account, the Defendants violated 15 U.S.C. §1692e(2)(B).

### COUNT III – 15 U.S.C.§ 1692e(10)

35. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 34 herein as if set forth in full.

36. The Defendants violated the provisions of 15 U.S.C.§ 1692e(10) in misrepresenting the amount and the nature of the claimed indebtedness.

### COUNT IV – 15 U.S.C.§ 1692e(11)

37. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 47 herein as if set forth in full.

38. The Defendants failure to disclose in communications, including but not limited to the communications by way of the Website, that the communication was with a debt collector, in violation of 15 U.S.C. §1692e(11).

## COUNT V – 15 U.S.C.§ 1692f(1)

39. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 53 herein as if set forth in full.

40. In demanding amounts not due, the Defendants violated 15 U.S.C.§ 1692f(1).

WHEREFORE, the Plaintiff hereby request that this Court grant judgment in favor of the Plaintiff and against the defendant Northland Group, Inc. as follows:

a. award Plaintiff actual compensatory damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. award Plaintiff statutory damages of $1,000.00 for violations of 15 U.S.C. §1692k(a)(2)(A);

c. award Plaintiff all costs and reasonable attorneys' fees; and

d. grant such other relief as is just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY IN THIS CASE**

KAREN BERGER, As Next Friend of
MARILYN A. BERGER,
By her Counsel,

Richard Kent Berger, Esq.
BBO#548913
eLegal, PC
Post Office Box 320553
Boston, MA  02132
800-494-0853

Dated: