UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN BERGER as next friend of<br>MARILYN A. BERGER,<br><br>Plaintiff,<br><br>v.<br><br>NORTHLAND GROUP, INC.,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*   Civil Action No. 1:11-cv-12007-JLT<br>*<br>*<br>*<br>* |

MEMORANDUM AND ORDER

August 23, 2012

TAURO, J.

I.   Introduction

The basis for this case rests on four letters sent by Defendant Northland Group, Inc. to Marilyn Berger roughly between August 15 and November 16, 2010.  Defendant is a debt collector and sent the letters in an attempt to collect on a debt allegedly owed by Marilyn Berger.  Plaintiff Karen Berger filed her Complaint and Request for Jury Trial [#1] on November 14, 2011, on behalf of Marilyn Berger, for violations of the Fair Debt Collection Practices Act ("FDCPA").  Defendant filed Defendant's Motion for Judgment on the Pleadings or Alternatively for Summary Judgment [#10] on January 31, 2012.  The court held a hearing on the motion on August 13, 2012.  After consideration of the arguments presented by both Plaintiff and Defendant, for the reasons stated below, Defendant's Motion for Judgment on the Pleadings or Alternatively for Summary Judgment [#10] is ALLOWED.

II.  Background

Plaintiff brings this suit on behalf of Marilyn Berger, an eighty-three year old disabled woman.[1] Marilyn Berger received a series of dunning letters regarding a debt owed on a Capital One credit card, which Marilyn Berger may or may not have owned.[2] The first letter is dated May 19, 2010 and was sent by Kream and Kream, attorneys at law.[3] This letter states that Marilyn Berger owed $7,821.74.[4] In a similar letter dated June 29, 2010, Kream and Kream stated that Marilyn Berger owed $7,901.64.[5]

The next letter Marilyn Berger received regarding this debt is dated August 15, 2010 and is from Defendant Northland Group Inc.[6] In this letter, Defendant states that Berger's creditor assigned her account to Defendant.[7] The letter includes the information that the account balance due is $5,927.53 and that Defendant is willing to settle the account for $2,371.02.[8] Defendant sent Berger a similar letter with identical figures dated September 15, 2010.[9] In the next letter, dated October 16, 2010, Defendant provided Berger with two options for settling her debt.[10] The

---

[1] Compl. and Req. Jury Trial [#1] ¶ 1; Aff. of Karen Berger [#15-1] ¶ 1.

[2] Compl. and Req. Jury Trial ¶¶ 9, 14, 17, 21, 24, 27; Aff. of Karen Berger [#15-1] ¶ 2.

[3] Compl. and Req. Jury Trial, ex. #1-1.

[4] Compl. and Req. Jury Trial, ex. #1-1.

[5] Compl. and Req. Jury Trial, ex. #1-2.

[6] Compl. and Req. Jury Trial, ex. #1-3.

[7] Compl. and Req. Jury Trial, ex. #1-3.

[8] Compl. and Req. Jury Trial, ex. #1-3.

[9] Compl. and Req. Jury Trial, ex. #1-5.

[10] Compl. and Req. Jury Trial, ex. #1-6.

first option was for three equal monthly payments that would total $2,371.02.[11] The second option was for six monthly payments that would total $2,667.42.[12] The final letter from Defendant to Berger is dated November 16, 2010.[13] It asks Berger to propose a reasonable offer to settle her account.[14] Each of the four letters sent to Berger by Defendant includes Defendant's website address.

On November 14, 2011, Plaintiff filed a Complaint and Request for Jury Trial [#1]. Plaintiff brings claims against Defendant for violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692e(11), and 1692f(1). Defendant filed its Answer [#5] on January 27, 2012, and filed its Amended Answer [#6] on January 31, 2012.

Defendant also filed Defendant's Motion for Judgment on the Pleadings or Alternatively for Summary Judgment [#10] on January 31, 2012. Plaintiff filed Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) OR [sic] Alternatively for Summary Judgment Pursuant to Fed. R. Civ. P. 56 [#13] on February 21, 2012. Defendant filed a Reply Memorandum of Law in Support of Defendant's Motion [#21] on March 2, 2012. The court held a hearing on the motion on August 13, 2012, and took the matter under advisement.

---

[11] Compl. and Req. Jury Trial, ex. #1-6.

[12] Compl. and Req. Jury Trial, ex. #1-6.

[13] Compl. and Req. Jury Trial, ex. #1-7.

[14] Compl. and Req. Jury Trial, ex. #1-7.

III.     Discussion

    A.     Legal Standard

Under Fed. R. Civ. P. 12(c): "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." It is clear that "[a] motion for judgment on the pleadings is treated much like a Rule 12(b)(6) motion to dismiss."[15] When reviewing the pleadings for a Rule 12(c) motion, "the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom . . . ."[17] To survive a motion for judgment on the pleadings, "a complaint must allege 'a plausible entitlement to relief."[18] This requires more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'"[19] The court need not "infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion."[20]

    B.     Analysis

        1.     Claims Based on the Content of the Collection Letters

Whether a collection letter violates the FDCPA is a question of law.[21] To determine whether a letter does violate the FDCPA "courts usually look to whether the objective 'least

---

[15] Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).

[17] R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006) (quoted in Perez Acevedo, 520 F.3d at 29).

[18] Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).

[19] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

[20] Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 244 n.3d (1st Cir. 2006).

[21] Chiang v. Verizon New England Inc., 595 F.3d 26, 34 (1st Cir. 2010).

sophisticated debtor' would find the notice improperly threatening or misleading."[22]  The "least sophisticated debtor" standard "protect[s] naive consumers"[23] while simultaneously "'prevent[ing] liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'"[24]

Plaintiff here has brought claims alleging that Defendant's letters violated 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692e(10), and 1692f(1).  The pertinent subsections of 15 U.S.C. § 1692e read:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> (2) The false representation of–
>     (A) the character, amount, or legal status of any debt; or
>     (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.[25]

15 U.S.C. § 1692f, in relevant part, reads:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of

---

[22] Martin v. Sands, 62 F. Supp. 2d 196, 199 (D. Mass. 1999).

[23] Schaefer v. Arm Receivable Mgmt., Inc., No. 09-11666-DJC, 2011 WL 2847768, at *2 (D. Mass. July 19, 2011).

[24] Id. (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir. 2000).

[25] 15 U.S.C. § 1692e (2006).

> this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.[26]

As an initial matter, only Defendant's letter dated November 16, 2010 falls within the one-year statute of limitations under the FDCPA.[27] 15 U.S.C. § 1692k(d) reads: "An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court . . . within one year from the date on which the violation occurred." Plaintiff filed suit on November 14, 2011, and has not attempted to argue that the previous letters should fit within the statute of limitations.

Even reading the pleadings in the light most favorable to the Plaintiff, Defendant's letter dated November 16, 2010 cannot be characterized as a plausible violation of the subsections of the FDCPA stated above. The body of the letter in question reads:

> Northland Group, Inc., [sic] helps customers resolve their debt by offering settlement and payment plans. We are highly motivated to work with you to resolve this past due account. Make us a reasonable offer to resolve your account, and we will take it to our client for approval. We will contact you if your offer is approved.[28]

The letter includes a website address, a customer service telephone number, a mailing address, and hours of operation. It also includes a statement that it is an attempt by a debt collector to collect a debt. None of this content is inherently false, deceptive, or misleading. It is, by contrast an attempt to explain to the debtor, Marilyn Berger, that she owes a debt, that she has

---

[26] 15 U.S.C. §§ 1692f.

[27] 15 U.S.C. §§ 1692k(d).

[28] Compl. and Req. Jury Trial, ex. #1-7.

certain rights, and that she can contact Defendant if she would like more information or to dispute the debt.

Plaintiff has offered no evidence or argument to suggest exactly why this letter, and the actions taken by Defendant are false, deceptive, or misleading. To find that such a letter from a collection agency–without any evidence suggesting that it is false, deceptive, or misleading–violates the FDCPA would severely limit the contact that collection agencies could have with debtors. This is not in line with the spirit of the least sophisticated debtor standard, which is meant to protect naive consumers, but not idiosyncratic interpretations of communications. Asking the court to read the letter dated November 16, 2010 as false, misleading, or deceptive without pleading facts to plausibly demonstrate how it is any of those things is unreasonable. Furthermore, Plaintiff has offered no evidence as to why sending a letter asking a debtor to make a reasonable offer qualifies as unconscionable activity under 15 U.S.C. § 1692f. The court, therefore, finds that as a matter of law, Defendant's letter dated November 16, 2010 does not violate the FDCPA.

2.    Claim Based on Defendant's Website

Plaintiff also argues that Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose on its website that it is a debt collector.[29] 15 U.S.C. § 1692e(11) states that it is a violation of the FDCPA if the debt collector fails "to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and [fails] to disclose in subsequent communications that

---

[29] Compl. and Req. Jury Trial ¶ 38.

the communication is from a debt collector . . . ."[30] Plaintiff's argument is based on the assumption that because Defendant's letters listed Defendant's website address, Defendant's website qualifies as a subsequent communication.[31]

The court finds that in this context, Defendant's website does not qualify as a subsequent communication but is rather part of the same communication as the November 16, 2010 letter sent to Marilyn Berger. The intent behind 15 U.S.C. § 1692e(11) is to make it apparent to debtors that the request for payment that they receive is from a debt collector. The November 16, 2010 letter includes Defendant's website address at the top lefthand corner of the page as part of the header. The letter also includes the following sentence: "If you want to pay your bill online, please go to www.payments2northland.com."[32] Directly underneath this sentence is the statement: "This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose." Defendant does not attempt to hide the fact that it qualifies as a debt collector.

Marilyn Berger would have reached Defendant's website, if at all, after being directed there by the letter.[33] If, however, Marilyn Berger were to visit the website independent from the

---

[30] 15 U.S.C. § 1692e(11).

[31] Plaintiff does not state this basis for her allegation in her Complaint and Request for Jury Trial. Defendant assumes that this is the basis of Plaintiff's allegation in its Defendant's Motion for Judgment on the Pleadings or Alternatively for Summary Judgment, and Plaintiff does not argue otherwise.

[32] Compl. and Req. Jury Trial, ex. #1-7.

[33] Plaintiff does not provide any facts demonstrating that Marilyn Berger viewed the website at all, let alone independently of being directed there from the letters she received from Defendant.

letter, she would lack the necessary information to access her account: the account number included in the letter. Defendant's website would, in such a situation, be useless to her. Because the letter directs Berger to the website and the website is only useful to her with information contained in the letter, it only makes sense that the website qualify as part of the same communication as the letter. Because the letter includes the required disclaimer, the website does not have to.

The court also notes that the Complaint and Request for Jury Trial fails to allege that Defendant's website lacks the required language under 15 U.S.C. § 1692e(11). The Complaint and Request for Jury Trial states: "The so-called *home page* of the Website does not contain any of the required notices required by the FDCPA, including but not limited to the indication that the communication is with a debt collector."[35] A website is more than a homepage, and there is no allegation that the entire website fails to include what Plaintiff views as the required disclaimer. For these reasons, Plaintiff has failed to state a claim under 15 U.S.C. § 1692e(11).

IV.   Conclusion

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings or Alternatively for Summary Judgment [#10] is ALLOWED. Plaintiff's Complaint and Request for Jury Trial [#1] is DISMISSED. This case is CLOSED.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro    
United States District Judge

---

[35] Compl. and Req. Jury Trial ¶ 20 (emphasis added).